UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Taylor Rod,                                Civil No. 14-4460 (SRN/JSM)

    Petitioner,

v.                                                  **REPORT AND RECOMMENDATION**

Hennepin County,

    Respondent.

Nicholas Taylor Rod, #244896, MCF-SCL, 2305 Minnesota Blvd. S.E., St. Cloud, MN 56304, Petitioner, *pro se.*

Matthew Frank, Esq., and James B. Early, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, counsel for Respondent.

Petitioner Nicholas Taylor Rod's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on October 23, 2014 (Doc. No. 1, Pet) is before the Court for examination under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Pursuant to Rule 4, the Court must examine a habeas petition brought under 28 U.S.C. § 2254 to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," and, if so, the court "must dismiss the petition."  This Court has conducted the requisite preliminary review and now recommends that the Petition be summarily dismissed without prejudice.

**I.    BACKGROUND**

Petitioner is currently incarcerated at the Minnesota Correctional Facility in Saint Cloud, Minnesota, serving a 69-month sentence following his conviction on charges of

first-degree burglary. (Pet. ¶¶ 3-5.) He was sentenced on September 9, 2014, after he entered a guilty plea. (*Id.* ¶¶ 2(b), 6(a).) As grounds for relief, he asserts the following:

- his motion to dismiss his public defender based on incompatibility, inadequate representation, and a conflict of interest was denied (Pet. ¶ 11(a)(5));

- his public defender pressured him into taking a guilty plea (Pet. ¶ 12(a));

- his motion to withdraw his guilty plea due to manifest injustice was denied (Pet. ¶ 11(a)(5);

- the sentencing judge "used inaccurate claims and insufficient evidence to sentence [him]" (Pet. ¶ 12(a));

- the prosecutor made false claims (Pet. ¶ 12(a));

- police and investigator's reports relating to his case contain contradictory and conflicting statements (Pet. ¶ 12(a)); and

- he never received a presentence investigation (Pet. ¶ 12(a)).

However, Petitioner asserts that he has not appealed from the judgment of conviction or sentence and is "awaiting [the] appeal process." (*Id.* ¶ 8.)[1]

## II.   DISCUSSION

Because Petitioner has not concluded any appeals within the state courts, it plainly appears that Petitioner is not entitled to relief. Federal courts will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion of state remedies is based on the principles of comity and federalism; its purpose is to ensure that state courts are given

---

[1] It appears that Petitioner has not yet filed any appeal in state court based on this Court's review of publicly available court records for cases pending in the Minnesota Court of Appeals. *See* http://macsnc.courts.state.mn.us/ctrack/search/publicCaseSearch.do (online database for Minnesota appellate court records).

the first opportunity to correct alleged federal constitutional errors that state prisoners raise. *O'Sullivan*, 526 U.S. at 844; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*). As the Supreme Court has explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan*, 526 U.S. at 845. "To satisfy the exhaustion of state court remedies requirement, a Minnesota prisoner must fairly present his federal constitutional claims to the highest available state court, i.e., the Minnesota Supreme Court, before seeking federal court relief." *See Green v. Warden of Rush City MCF*, Civil No. 13-3061 (ADM/SER), 2014 WL 2003016, at *4 (D. Minn. May 15, 2014).

Here, Petitioner acknowledges that he is "awaiting [the] appeal process" (Pet. ¶ 8) in the Minnesota state courts. He was sentenced such a short time ago (September 9, 2014), that his time for filing a notice of appeal in the Minnesota Court of Appeals has not yet expired. *See* Minn. R. Crim. P. 28, subd. 4(3)(a) ("In felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed."). Because he plainly has not exhausted his available state court remedies, Petitioner is not entitled to relief and this matter must be summarily dismissed. However, this Court recommends that this action be dismissed without prejudice so that Petitioner can return to the state courts and attempt to exhaust his unexhausted claims by filing a direct appeal.

### III.     CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Petitioner's current habeas corpus petition differently than it is being treated here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants federal appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

### IV.     RECOMMENDATION

Based on the above, and on all the files and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.     This action be summarily **DISMISSED WITHOUT PREJUDICE**; and

2.     Petitioner should **NOT** be granted a Certificate of Appealability.


Dated:     October 29, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 12, 2014**, a writing

4

which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.